

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Dawn Williamson and )
Terry Williamson, )
    Plaintiffs, )
)
vs. ) 1:11-cv-0033 LJM -DML
)
Sunrise Credit Services, Inc., )
    Defendant. )
)

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as the actions giving rise to this complaint occurred here.

### Parties

4. Plaintiffs in this case are residents of the full age of majority, domiciled in the City of Greencastle, Putnam County, Indiana.

5. Defendant in this case, Sunrise Credit Services, Inc., (hereinafter referred to as "Sunrise"), is a "debt collector" as that term is defined by the FDCPA because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, and is attempting to collect a debt from Plaintiff. Sunrise is a corporation organized under the laws of the State of New York whose principal business address is 260 Airport Plaza, Farmingdale, NY 11735 and is NOT a licensed collection agency with the State of Indiana.

## Factual Allegations

6. Sunrise is a debt collection agency attempting to collect a debt from Plaintiffs.

7. Sometime in April, 2010, Plaintiffs retained attorney John T. Steinkamp for the purpose of obtaining debt relief through the United States Bankruptcy Code.

8. On November 30, 2010, Plaintiffs received a call from Sunrise seeking to collect on a consumer debt owed by Plaintiffs.

9. During the November 30, 2010 phone call, Plaintiff, Dawn Williamson informed Sunrise that she and Terry Williamson were represented by attorney John T. Steinkamp regarding this debt and were preparing to file bankruptcy.

10. Despite being informed of Plaintiffs' representation by counsel, Sunrise has continued to contact Plaintiffs directly by phone at the Plaintiffs' home on the following dates: December 2, 2010; December 4, 2010; December 6, 2010; and twice on December 7, 2010.

11. Plaintiffs are able to identify Sunrise is the caller through the Plaintiffs' caller-ID service.

## Count I
## Violation of §1692d of the FDCPA

12. The allegations of Paragraphs 1 through 11 of the complaint are realleged and incorporated herein by reference.

13. Defendant violated the FDCPA by causing a telephone to ring repeatedly with intent to annoy, abuse, or harass any person at the called number, pursuant to 15 U.S.C. § 1692d by repeatedly calling Plaintiffs despite knowledge that the Plaintiffs are represented by counsel.

14. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

## Count II
## Violation of §1692c of the FDCPA

15. The allegations of Paragraphs 1 through 14 of the complaint are realleged and incorporated herein by reference.

16. Defendant violated §1692c(a)(2) of the FDCPA by communicating with a consumer in regards to a debt when the debt collector knew the consumer to be represented by an attorney regarding that debt.

17. Defendant knew that Plaintiff was represented by counsel in connection with this debt because Plaintiffs told the defendant over the telephone that Plaintiffs were represented by counsel.

18. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, having set forth their claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiffs have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiffs have and recover against Defendant a sum to be determined in the form of statutory damages in the amount of $1,000 per Plaintiff against the Defendant;

3. That Plaintiffs have and recover against Defendant all reasonable legal fees and expenses incurred by the attorney; and

4. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiffs
5218 S. East St., Ste. E-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320